UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| V. § § | CAUSE NO. DR-24-CR-00404-001 |
| JEREMY SCOTT ALLRED § § | |

**DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

TO THE HONORABLE ALIA MOSES, CHIEF UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS:

COMES NOW Defendant Jeremy Scott Allred, by and through counsel, and files his Motion to Revoke Detention Order. He further moves for a *de novo* hearing in this matter to determine whether he should be granted pretrial release pending adjudication.

**I.   Background**

Mr. Allred is charged with possession of a firearm by a person who has been convicted of a misdemeanor crime of violence pursuant to 18 U.S.C. § 922(g)(9). ECF No. 8. The Government moved to detain Mr. Allred without bond. The magistrate court held a hearing on February 8, 2024, and the court found by a preponderance of the evidence that there was probable cause for the offense. ECF No. 7. The Court also found by a preponderance of the evidence that Mr. Allred poses a serious risk of flight and that his release would endanger the safety or any other person or the community due to, "among other factors, the Defendant's multiple law enforcement encounters involving the possession of a firearm in short succession and the pending criminal matters pertaining to the Defendant." *Id.* The Court found that no conditions or combination of conditions will reasonably assure the appearance of Mr. Allred as required or the safety of any other person and the community and ordered the defendant detained. *Id.*

II.     **Request for a *de novo* hearing**

A district judge has jurisdiction to review the order of a person ordered detained by a magistrate judge. 18 U.S.C. § 3145(b). Such a review is *de novo*, with the district court making "an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). The court may further consider "what the magistrate has actually ordered with additional findings based on its independent consideration of the record before the magistrate and the additional evidence adduced before it 'as unfettered as it would be if the district court were considering whether to amend its own action.'" *Id.* at 250 (quoting *United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981)). Unlike a request for reconsideration under 18 U.S.C. § 3142(f), a motion to revoke a detention order "does not require that new information be available before a detention order can be reconsidered or revoked." *United States v. Posada Carriles*, 481 F. Supp. 2d 792, 795 (W.D. Tex. 2007) (citing *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)).

III.    **Standard for detention**

The Bail Reform Act directs that a judicial officer "shall order the pretrial release" of the defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Only certain circumstances, which do not include the instant offense, carry with them a presumption of detention. *See* 18 U.S.C. § 3142(e)(2). The fact that the Government has initiated its prosecution does not permit a court to disregard a presumption of innocence and order a defendant detained prior to a conviction without an exceptional basis for so doing. *Thibodeaux*, 663 F.2d at 522; *see Herrera v. Collins*, 506 U.S. 390, 398 (1993) ("A person when first charged with a crime is

entitled to a presumption of innocence, and may insist that his guilt be established beyond a reasonable doubt.").

To justify an order of detention based on a defendant's risk of flight, the Government must establish by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure appearance. *Fortna*, 769 F.2d at 250. "[T]he standard is reasonably assure appearance, not 'guarantee' appearance, and . . . detention can be ordered on this ground only if no condition or combination of conditions will reasonably assure the appearance." *Id*. (internal quotation marks omitted). For detention based on a defendant's dangerousness, the Government must establish by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(f)(2); *see also Fortna*, 769 F.2d at 250 (requiring clear and convincing evidence of dangerousness).

The Bail Reform Act's legislative history makes clear that detention based on serious risk of flight is only appropriate under "extreme and unusual circumstances." *See* Bail Reform Act of 1983: Rep. of the Comm. on the Judiciary, 98th Cong. 48 (1983). For example, the case relied on in the legislative history was deemed extreme and unusual enough to justify detention on the grounds of serious risk of flight because the defendant was a fugitive and serial impersonator who had failed to appear in the past and had recently transferred over a million dollars to Bermuda. *United States v. Abrahams*, 575 F.2d 3, 4 (1st Cir. 1978). The current case law likewise deems pretrial detention on the basis of "serious risk of flight" only in "extreme and

unusual circumstances"[1] proving the accused is "likely to willfully flee the jurisdiction with the intention of thwarting the judicial process."[2]

In addition, a defendant should not be detained as a "serious risk" of flight when the risk of nonappearance can be mitigated by conditions of release. Scholars and courts agree that electronic monitoring is especially effective at reducing risk of flight. *See, e.g.*, Samuel R. Wiseman, *Pretrial Detention and the Right to the Monitored, 123 Yale L. J. 1344, 1347–48 (2014)* ("Increasingly sophisticated remote monitoring devices have the potential to sharply reduce the need for flight-based pretrial detention …. [T]he question of finding other ways of ensuring a non-dangerous defendant's presence at trial is one not of ability, but of will…."); *Id*. at 1368-74 (citing studies in both European and American contexts to demonstrate that electronic monitoring is at least as effective as secured bonds at deterring flight, and that it comes at far reduced cost to both the defendant and the government); *United States v. O'Brien*, 895 F.2d 810, 814–16 (1st Cir. 1990) (describing reduction in flight rate from monitoring program and concluding that "evidence concerning the effectiveness of the bracelet alone arguably rebuts the presumption of flight").

### IV.     Argument

Mr. Allred should be released on conditions because the government did not establish that he posed a "serious risk" of flight and did not present any evidence to establish that there is a "serious risk that he will flee" the jurisdiction under § 3142(f)(2)(A). Although the defense bears

---

[1] *See, e.g. United States v. Abrahams*, 575 F.2d 3, 8 (1st Cir. 1978) (holding that only a "rare case of extreme and unusual circumstances…justifies pretrial detention" – as representing the "current case law"); *see also Gavino v. MacMahon*, 499 F.2d 1191, 1995 (2nd Cir. 1974) (holding that in a noncapital case the defendant is guaranteed the right to pretrial release except in "extreme and unusual circumstances) *United States v. Kirk*, 534 F.2d 1262, 1281, 2 Fed. R. Evid. Serv. 206 (8th Cir. 1976) (holding that bail can only be denied "in the exceptional case.") (rejected on other grounds by *Khaalis v. United States*, 408 A.2d 313 (D.C. 1979)) and vacated in part on other grounds, 723 F.2d 1379 (8th Cir. 1983).
[2] See, *e.g.*, Lauryn Gouldyn, Defining Flight Risk, 85 U. Chi. L. Rev. 677, 724 (2017).

no burden of proof, it is clear from Mr. Allred's history and characteristics that he does not pose any risk of flight, let alone a serious risk of flight.

Mr. Allred does not present a serious risk of flight because he has strong ties to the community. He is a United States citizen, and he has numerous family members in the area, including wife and children. He was working at a local ranch prior to his incarceration, and he he will be able to return to his job upon his release.

Mr. Allred has absolutely has never failed to appear in court for any reason. He has a stable residence in at his place of employment. There is no reason to believe that he will fail to appear for any reason.

Mr. Allred presents none of the "extreme and unusual" circumstances meriting pretrial detention, and he should, therefore, be released on conditions. Looking to the 18 U.S.C. § 3142(g) factors, it is clear that conditions can be fashioned that will "will reasonably assure [Mr. Allred's] appearance…as required and the safety of any other person and the community."

In addition to not being a serious risk of flight, Mr. Allred does not pose a danger to the community. Further, the government has not established that there are no commination of conditions that will "reasonably assure…the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The magistrate court based its finding that Mr. Allred posed a danger to the community on his recent encounters with law enforcement involving the possession. Those encounters did not involve instances of brandishing or firearm of a weapon, but instead involved mere possession.

Detention pending trial is not warranted in this case. There are conditions that will reasonably assure Mr. Allred will appear as required and reasonably assure the safety of the

community. Mr. Allred respectfully requests his release or, in the alternative, for the case to be set for a *de novo* hearing.

## V.     Conclusion

Mr. Allred respectfully requests this Court revoke his detention order or set this case for a *de novo* detention hearing.

                                                      Respectfully submitted.

                                                      MAUREEN SCOTT FRANCO
                                                      Federal Public Defender

                                                      _____
                                                      /s/   JAIME J. ZAMPIEROLLO
                                                      Assistant Federal Public Defender
                                                      Western District of Texas
                                                      2205 Veterans Blvd., Ste. A-2
                                                      Del Rio, Texas 78840
                                                      (830) 703-2040
                                                      (830) 703-2047 (FAX)
                                                      Bar Number: Texas 24106735

                                                      *Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2024, I electronically filed the foregoing Defendant's Motion to Revoke Detention Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joshua Jerome Garland
Assistant U.S. Attorney
111 E Broadway St., Ste. A300
Del Rio, TX 78840

/s/   JAIME J. ZAMPIEROLLO

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| V. § § | CAUSE NO. DR-24-CR-00404-001 |
| JEREMY SCOTT ALLRED § § | |

**O R D E R**

On this date came on to be considered the Defendant's Motion for Revocation of Detention Order (ECF No. ___), and the Court having considered the premises, is of the opinion that the same should be and is hereby **GRANTED**.

It is therefore ORDERED that as follows:

(1) that the Order Granting Motion to Detain (ECF No. 7) be **REVOKED**;

(2) and that Defendant be **RELEASED** from pretrial detention subject to conditions to be established by separate order of this Court; and, to the extent necessary;

(3) that the above-captioned case be **SET** for a detention hearing on _____, 2024, at _____ a.m./p.m.;

SIGNED AND ENTERED this _____ day of _____, 2024

_____
ALIA MOSES
CHIEF UNITED STATES DISTRICT JUDGE