IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | Criminal Action No.<br>DR-24-CR-404-AM |
| JEREMY SCOTT ALLRED, | § § § | |

## ORDER

Before the Court is Jeremy Scott Allred's (the "Defendant") Motion to Dismiss Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B) (the "Motion"). (ECF No. 17.) The United States of America (the "Government") opposes the Motion. (ECF No. 23.) As explained below, the Court must **DENY** the Motion.

### I. BACKGROUND

On February 28, 2024, a Grand Jury empaneled in the United States District Court for the Western District of Texas indicted the Defendant. (ECF No. 8.) The one-count indictment alleges that the Defendant violated 18 U.S.C. §§ 922(g)(9) by knowingly possessing a firearm despite "knowing he had been convicted of a misdemeanor crime of domestic violence." (*Id.*) No one disputes that the Defendant was previously convicted of a misdemeanor crime of domestic violence. (*Compare* ECF No. 17 at 2-3, *with* ECF No. at 23 at 2.) The Defendant allegedly possessed a Canik, TP9 Elite, 9mm handgun, serial number T647220CB38985. (ECF No. 8.) On March 25, 2024, the Defendant filed the Motion, challenging the constitutionality of Section 922(g)(9) facially and as applied to him. (ECF No. 17.) On April 19, 2024, the Government filed its opposition to the Motion. (ECF No. 23.)

## II. STANDARD OF REVIEW

A defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). "A defense is thus 'capable of determination' if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969) (citation omitted).

A motion to dismiss an indictment can be based on a defect in the indictment. FED. R. CRIM. P. 12(b)(3)(B).[1] A court may rule on a pretrial motion to dismiss an indictment when the alleged infirmity is "essentially one of law." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quotation marks and citation omitted).

## III. ANALYSIS

### A. Second Amendment

The Defendant contends that Section 922(g)(9) violates the Second Amendment. (ECF No. 17.) The Defendant's contention is meritless.

"When a litigant brings both as-applied and facial challenges, we generally decide the as-applied challenge first because it is the narrower consideration." *Buchanan v. Alexander*, 919 F.3d 847, 852 (5th Cir. 2019). "Although as-applied challenges are generally favored as a matter of judicial restraint because they result in a narrow remedy, a developed factual record is essential. Particularized facts are what allow a court to issue a narrowly tailored and circumscribed remedy." *Justice v. Hosemann*, 771 F.3d 285, 292 (5th Cir. 2014).

Section 922(g)(9) states that it is "unlawful for any person who has been convicted in any court of a misdemeanor crime of domestic violence" to possess a firearm. 18 U.S.C. § 922(g)(9).

---

[1] The Defendant does not specify which subsection of Federal Rule of Criminal Procedure 12(b)(3)(B) he relies on. (ECF No. 17.)

2

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. This amendment protects "an individual right to keep and bear arms for self-defense." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2125 (2022). There is a "strong presumption that the Second Amendment right is exercised individually and belongs to all Americans." *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008). But "longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms" are presumptively lawful. *Id.* at 626-27, 627 n.26; *see also Rahimi*, 144 S. Ct. at 1902 ("*Heller* never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, our opinion stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'"); *id.* at 1901 ("[W]e do not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse, . . . ." (citing *Heller*, 554 U.S. at 626, which states in part that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill")); *see also Campaign for S. Equal. v. Bryant*, 791 F.3d 625, 627 n.1 (5th Cir. 2015) (stating that the court is bound by United States Supreme Court dicta).

Before *Bruen*, a two-step test determined Second Amendment claims. *Bruen*, 142 S. Ct. at 2126. Now, due to *Bruen*, a new two-step test applies. First, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* Second, "[t]o justify its regulation, the government . . . must demonstrate that the regulation is

consistent with this Nation's historical tradition of firearm regulation." *Id.* "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* (quotation marks omitted). As the United States Supreme Court recently explained:

> [T]he appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition. A court must ascertain whether the new law is 'relevantly similar' to laws that our tradition is understood to permit, 'apply[ing] faithfully the balance struck by the founding generation to modern circumstances.' Why and how the regulation burdens the right are central to this inquiry. For example, if laws at the founding regulated firearm use to address particular problems, that will be a strong indicator that contemporary laws imposing similar restrictions for similar reasons fall within a permissible category of regulations. Even when a law regulates arms-bearing for a permissible reason, though, it may not be compatible with the right if it does so to an extent beyond what was done at the founding. And when a challenged regulation does not precisely match its historical precursors, 'it still may be analogous enough to pass constitutional muster.'

*Rahimi*, 144 S. Ct. at 1898 (citations omitted). "*Bruen* clearly fundamentally changed our analysis of laws that implicate the Second Amendment, . . . rendering our prior precedent obsolete." *United States v. Rahimi*, 61 F.4th 443, 450-51 (5th Cir. 2023), *rev'd on other grounds by United States v. Rahimi*, 144 S. Ct. 1889 (cleaned up) (discussing 18 U.S.C. § 922(g)(8)).

Numerous district courts have found Section 922(g)(9) constitutional under the Second Amendment. *See, e.g., United States v. Donahue*, 680 F. Supp. 3d 812, 814-15, 814 n.2 (S.D. Tex. 2023) (finding that 18 U.S.C. § 922(g)(9) is constitutional and collecting cases); *United States v. Porter*, No. 22-277, 2023 WL 2527878 (W.D. La. Mar. 14, 2023) (unpublished) (finding that 18 U.S.C. § 922(g)(9) conforms with historical tradition because this statute is like the going armed laws (e.g., requires a pre-existing criminal proceeding and conviction); *United States v. Reese*, No. 23-30567, 2024 WL 1478879, at *1 (5th Cir. Apr. 5, 2024) (unpublished) (rejecting plain-error challenge to 18 U.S.C. § 922(g)(9) because "it is unclear whether [that statute] and 922(n) are

unconstitutional in view of *Bruen* and the application of *Bruen* to those statutes would require the extension of precedent").

In *Rahimi*, the United States Supreme Court decided that Section 922(g)(8) is facially constitutional under the Second Amendment because that statute is "relevantly similar" to certain founding era laws. 144 S. Ct. at 1901 (quotation marks omitted). In significant part, Section 922(g)(8) applied only after a court finding that the defendant posed a threat to another's physical safety, just like certain founding era laws. *Id.*

Here, Section 922(g)(9), as applied to the Defendant, is constitutional under the Second Amendment. Notably, that statute is consistent with the nation's historical tradition of firearm regulation, including because it involves a judicial determination. *See, e.g., Donahue*, 680 F. Supp. 3d at 814-15, 814 n.2 (finding that 18 U.S.C. § 922(g)(9) is constitutional under the Second Amendment and collecting cases); *Rahimi*, 144 S. Ct. at 1901. Moreover, no one disputes that the Defendant was convicted of a misdemeanor crime of domestic violence. (*Compare* ECF No. 17 at 2-3, *with* ECF No. at 23 at 2.) Therefore, Section 922(g)(9) as applied to the Defendant is not unconstitutional. The Defendant's facial challenge accordingly fails. *Rahimi*, 144 S. Ct. at 1898. The Motion must be denied under the Second Amendment.

### B. Commerce Clause

The Defendant contends that Section 922(g)(9) violates the Commerce Clause facially and as applied to him. (ECF No. 17.) The Defendant's contention is meritless because Section 922(g)(9) is constitutional under the Commerce Clause. *United States v. Freeman*, No. 23-10647, 2024 WL 885124, at *1 (5th Cir. Mar. 1, 2024) (per curiam) (unpublished) (citing *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020) and *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013)). Therefore, the Motion must be denied on Commerce Clause grounds.

## IV. CONCLUSION

**IT IS ORDERED** that the Defendant's Motion to Dismiss Indictment [ECF No. 17] be **DENIED**.

SIGNED and ENTERED on this 7th day of August, 2024.

ALIA MOSES
Chief United States District Judge